# Wade Bros. v. Connellsville Grocery Co.

The offer of a probated claim or book account with affidavit of origi‑ nal entry is not sufficient legal evidence to support plaintiff's claim where judgment by default is entered.

ACT OF JULY 7, 1879, P. L. 194—PROBATED CLAIM‡

Certiorari to John P. Eicher, J. P.

No. 324, February Term, 1902; C. P. of Westmoreland County.

Atkinson & Peoples, Esqs., Attys. for Plaintiff in error.

W. S. Byers, Esq., Atty. for Defendant in error.

Opinion by McCONNELL, J.

## SPECIFICATIONS OF ERROR.

The judgment of the Justice of the Peace against Charles Wade and Clyde Wade, doing business as Wade Brothers, in this case is void for the following reasons:

1st. The record of the Justice does not show that any evidence was offered before him on the part of the plaintiff upon which to base a valid judgment against the defendants in this case. The record shows no proofs were offered.

2nd. There was no testimony offered before the Justice, either of the plaintiff itself, or of any witness for it, in support of the plaintiff's claim nor did the parties plaintiff, nor any witness in their behalf, appear before the Justice and give testimony under oath in support of the claim of the plaintiff.

3rd. The only evidence in support of the claim of the plaintiff in this case offered before the Justice was the probated claim of the plaintiff against the defendant and this is insufficient in law, as evidence upon which the Justice may base a valid judgment.

Atkinson & Peoples,
Attorneys for Wade Bros., Plffs. in Error.

Per Curiam—"In order to warrant a Justice in entering judgment under Sec. 2 of the Act of July 7, 1879 (P. L. 194; P. L. Dig. 2560) a certified copy of the plaintiff's affidavit of claim must be served on the defendants at the time and in the

manner that the summons is served, and this must appear of record. Otherwise, unless the defendant waives service, the act does not apply, and the plaintiff must appear in person or by agent and substantiate his claim by proof."

P. L. Dig. Dec. Col. 1782 and cases here cited.

It does not appear in this record that there was any service of the plaintiff's affidavit of claim along with the summons. Therefore the record gets no aid from the Act of 1879. The Justice's record, in part reads as follows: "Plaintiff Company's claim being a probated account for goods sold and delivered, demanded $55.30 dollars, including probate. And now Dec. 18, 1901, W. S. Byers, Atty. for Plff. Co., appears and offers probated account in evidence, defendants not appearing nor any person for them judgment is publicly entered by default at 10 a. m. in favor of Plaintiff Co. and against the defendants for $55.30 dollars and costs of suit."

It therefore appears that the only evidence offered was the probated account. Defendant was not present and therefore could not waive the right to object to this as an instrument of evidence.

If it does not appear that any evidence was offered a judgment by default should be reversed.

Young v. Getz, 6 Dist. Rep. 78.

The offer of a probated claim or book account with affidavit of original entry is not sufficient legal evidence to support plaintiff's claim where judgment by default is entered.

Monroe v. Klepner, 5 Dist. Rep. 60.

Wolf v. Sailer, 10 Dist. Rep. 601.

Pearre v. White, 4 Dist. Rep. 504.

A probated account is certainly not evidence unless some statute can be pointed to which makes it evidence. There was in this case no evidence and the judgment was by default. The proceedings must be reversed. It is accordingly so ordered.

Reported by Marker & Hollingsworth, Esqs.,

Greensburg, Pa.